FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 08 2006

LUTHER D. THOMAS, Clerk
By: [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

AMOCO OIL COMPANY,

        Plaintiff,

   v.

CALFEE COMPANY OF DALTON, INC.,

        Defendant.

CIVIL ACTION

NO. 4:01-CV-224-RLV

### O R D E R

This action arose from a franchise relationship that existed between the parties. Amoco Oil Company ["Amoco"][1] sued Calfee Company of Dalton, Inc. ["Calfee"], alleging that Calfee had breached several contracts by failing to repay certain incentive payments to Amoco when their franchise relationship was terminated. Calfee filed a counterclaim, alleging that Amoco had violated the Petroleum Marketing Practices Act ["PMPA"], 15 U.S.C. § 2801 *et seq.*

The case was tried before a jury, and on November 4, 2005, the jury returned a verdict for Calfee on Amoco's breach of contract claims; the jury also returned a verdict for Calfee on its PMPA claim, in the amount of $500,000. The verdict also said that

---

[1] Since filing this lawsuit Amoco changed its name to BP Products North America Inc. For convenience, the parties have continued to refer to the plaintiff as "Amoco," and the court will do the same.

Calfee was entitled to prejudgment interest on its PMPA claim. Calfee presented a proposed judgment, and Amoco objected to that judgment. In addition, Calfee moved for exemplary damages under the PMPA [Doc. No. 165] and also moved for attorney's fees [Doc. No. 166].

As an initial matter, the court sua sponte revisits the issue of whether the issue of prejudgment should have been submitted to the jury. The PMPA does not provide for prejudgment interest, and no appellate court has held that a party who prevails on a PMPA claim is entitled to such interest. Midwest Petroleum Co. v. American Petrofina Marketing, Inc.,644 F. Supp. 1067 (E.D. Mo 1986), and Eden v. Amoco Oil Co., 741 F. Supp 1192 (D. Md. 1990), cited by Calfee are not persuasive. In *Midwest Petroleum*, the court awarded prejudgment, not on the plaintiff's PMPA claim but on payments improperly withheld pursuant to a consent order that had been entered into between the defendant and the United States Department of Energy; furthermore, the court noted that awarding such prejudgment was discretionary.

The discussion of prejudgment interest in *Eden* was dicta. First, the court noted that the PMPA did not specifically provide for prejudgment interest and that the request for prejudgment was based on *Midwest Petroleum*. The court failed to recognize the specific ruling in *Midwest Petroleum* but went on to deny the

2

request for prejudgment interest on the basis that it was an element of damages that should have been, but was not, submitted to the jury. This court is unwilling to find an entitlement to prejudgment interest based upon dicta in one district court case and an award of prejudgment interest on a non-PMPA claim in another district court case. Therefore, the court hereby VACATES the jury's award of prejudgment interest.[2]

The PMPA provides for the award of exemplary damages by the court if the conduct of the franchisor "was in willful disregard of the requirements" of the Act. 15 U.S.C. § 2805(d)(1)(B). Although this court declines to follow the dicta in *Eden* regarding prejudgment interest, this court agrees with that court's interpretation of the "willful disregard" language:

> Thus, willfulness as used in the PMPA describes conduct that is pursued with a consciousness of wrongdoing or with a considered disregard to whether it violates the Act. It requires more than deliberate conduct that, in fact, violates the Act, so that an aspect of guilty knowledge or imputed guilty knowledge is required.

*Eden,* 471 F. Supp. at 1195.

---

[2] To the extent that the court might have inherent discretionary authority to award prejudgment interest, the court would decline to do so, especially since the amount of damages in this case was unliquidated.

3

Having heard the evidence at trial, the court finds that in violating PMPA, Amoco did not act with a consciousness of wrongdoing or a considered disregard of the Act. Consequently, Calfee's motion for an award of exemplary damages [Doc. No. 165] is DENIED.

The PMPA also provides for the award of reasonable attorney's fees "unless the court determines that only nominal damages are to be awarded." 15 U.S.C. § 2805(d)(1)(C). In this case, the jury awarded $500,000 in damages, an amount that certainly is not nominal. Therefore, Calfee is entitled to reasonable attorney's fees.

Under Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983), the Supreme Court set forth the proper procedure for establishing attorney's fees. The district court determines the number of hours reasonably expended on the litigation and then multiplies that number by a reasonable hourly rate. The court can then adjust that lodestar either upwardly or downwardly based on a narrow set of criteria, primarily to reflect the results obtained.

This court recognizes that attorney's fees in this case may be awarded only pursuant to the PMPA; ordinarily, Calfee would not be entitled to recover fees for time spent in defending Amoco's breach of contract claims. However, the court finds that the nature of

the claims pursued does not allow the time and work devoted to the different claims to be separated. As the *Hensley* court noted:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940.

This court has carefully reviewed the affidavits and accompanying time sheets and finds that both the hours claimed and the hourly rates requested are reasonable. The court finds no basis to depart from the lodestar amount as determined by multiplying the hours expended by the hourly rates. Consequently, the court awards attorney's fees to Calfee in the amount of $647,614.25.

The clerk will enter judgment dismissing Amoco's claims with prejudice and will enter judgment for Calfee on the counterclaim in the amount of $500,000.00 plus reasonable attorney's fees in the amount of $647,614.25.

SO ORDERED, this 8th day of February, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge

5